Reagan Duane WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–87–0269–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 2, 1988.

Kent Birdsong, Amarillo, for appellant.

Jon R. Waggoner, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and PIRTLE, JJ.

PIRTLE, Justice.

Appellant Reagan Duane Watson appeals from his conviction for aggravated sexual assault and the jury-assessed punishment of 99 years confinement in the Texas Department of Corrections and a fine of $10,000. In two points of error, appellant argues the trial court erred because (1) it failed to quash the appellant's indictment alleging that the appellant was reindicted due to prosecutorial vindictiveness; and (2) it permitted improper jury arguments during the punishment phase of the trial. We affirm.

On December 4, 1986, the complainant and her minor child were sleeping in their Amarillo home when appellant unlawfully entered the house, put his hand over the complainant's mouth, and told her to cooperate or her son would be killed. The appellant then sexually assaulted her. The appellant was connected to the offense by fingerprints, shoe prints, and the matching of a broken button found in complainant's house with a broken button on a shirt found in the appellant's closet.

The appellant was originally indicted by a Potter County grand jury on a charge of burglary of a habitation with intent to commit sexual assault, enhanced by a prior felony conviction. On June 26, 1987, the appellant pled guilty to the indictment under a plea bargain agreement in exchange for a recommended sentence of 50 years and the dismissal of any other charges against him arising out of the same criminal episode.

After the appellant was transferred to the penitentiary, he wrote a letter to the trial judge, file marked July 20, 1987, complaining of the inadequacy of his representation and questioning the voluntariness of his guilty plea. The trial court requested his attorney to prepare a motion for new trial, and subsequently granted the appellant's motion and ordered a new trial.

The appellant was subsequently indicted on a charge of aggravated sexual assault, enhanced by the same prior felony conviction used to enhance the earlier burglary indictment. Both the original burglary indictment and the subsequent aggravated sexual assault indictment arose out of the same criminal episode.

## PROSECUTORIAL VINDICTIVENESS

■ By his first point of error, the appellant asserts that the prosecutor violated his rights under the Due Process Clause of the Fourteenth Amendment by reindicting appellant for a more serious offense after he successfully challenged his conviction on the original offense, thus subjecting him to a significantly increased potential period of incarceration.* We disagree.

The appellant filed a pretrial motion seeking to quash the indictment, alleging that he was being vindictively prosecuted solely because he had exercised his right to a new trial. At a hearing on his pretrial

---

* On appeal, the appellant acknowledges that under both indictments the range of punishment was the same, i.e., 15 to 99 years, or life confinement. Nevertheless, he demonstrates that under an enhanced burglary of a habitation conviction he would have been eligible for parole when his calendar time served plus good time credit equaled one-fourth the maximum sentence imposed or 15 years, whichever is less.

Under the instant conviction for aggravated sexual assault, he is eligible for parole when his actual time served, disregarding any good time credit, equals one-fourth the maximum sentence imposed or 15 years, whichever is less. Tex. Code Crim.Proc. art. 42.18 § 8(b)(1) (Vernon Supp.1988). Hence, the appellant has established that he has been subjected to an increased potential period of incarceration.

motion the appellant testified that he would not have requested a new trial had he known that he would have been indicted for aggravated sexual assault. On cross-examination the appellant admitted, however, that when he pled guilty to the burglary offense, he had other charges pending against him, including the charge of aggravated sexual assault. The appellant further conceded that under the plea bargain agreement he was to plead guilty to the burglary indictment in exchange for a recommended 50–year sentence and the dismissal of the other pending charges. The appellant went on to acknowledge that he knew that when the new trial was granted, the plea bargain was "over with" and that he would be exposed to a trial on the aggravated sexual assault charge. The record of the pretrial hearing reflects the following question by the prosecutor and response of the appellant:

> [The prosecutor]: So that, you knew, [the new trial] would have exposed you, at least, to a trial on that pending aggravated sexual assault charge, wouldn't it?
>
> [The appellant]: Yes, sir.

The trial court overruled the appellant's pretrial motion, the case proceeded to trial, and the appellant was found guilty of aggravated sexual assault.

Appellant's claims of prosecutorial vindictiveness are derived substantially from *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and its predecessor, *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce* the Supreme Court held that the Due Process Clause of the Fourteenth Amendment "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he received after a new trial." 395 U.S. at 725, 89 S.Ct. at 2080. *Pearce* involved an allegation of judicial vindictiveness. In *Blackledge* this same principle was later applied to prohibit a prosecutor from "upping the ante" by reindicting a defendant on a more serious charge after the defendant had invoked his right to an appellate remedy. The principle, as applicable to prosecutorial vindictiveness, was stated as follows:

> A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.

*Blackledge v. Perry*, 417 U.S. at 28, 94 S.Ct. at 2102–2103. Four years later, the Supreme Court declined to apply the principles of *Pearce* and *Blackledge* to the pretrial plea bargain-negotiating process in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). In that case the Supreme Court held that the Due Process Clause of the Fourteenth Amendment did not prohibit a prosecutor from carrying out a threat, made during plea negotiations, that additional charges arising out of the same criminal episode would be brought against the defendant if he refused to plead guilty to the offense with which he was originally charged. The court held that the element of prosecutorial vindictiveness was not present where the defendant was free to accept or reject the prosecutor's offer. The Court went on to say:

> For just as a prosecutor may forego legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

457 U.S. at 381, 102 S.Ct. at 2492–2493. The Court concluded that the rationale of *Pearce* did not apply where the accused was openly presented with and therefore aware of the price of rejecting a plea offer. *See also, Ehl v. Estelle*, 656 F.2d 166 (5th Cir.1981).

The Texas Court of Criminal Appeals addressed this problem in *Palm v. State*, 656 S.W.2d 429 (Tex.Crim.App.1981), wherein it stated:

> [T]he rationale of *North Carolina v. Pearce*, . . ., and its progeny does not apply where the defendant—aware of the price of rejecting a plea offer—neverthe-

less subsequently withdraws his entered guilty plea or otherwise attacks the sentence after conviction; restated, a belated repudiation of a plea bargain places a defendant in the same posture as one who refuses to carry out his part of the bargain pretrial and serves to release the prosecutor from the obligation to carry out his part as well.

*Id.* at 432. Where the record reflects ample notice of the price of reneging on the plea bargain, a criminal defendant may not establish a claim of vindictiveness. *Castleberry v. State,* 704 S.W.2d 21 (Tex.Crim. App.1984).

■ A presumption of improper prosecutorial motive is applicable only where a reasonable likelihood of vindictiveness exists. *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). In the case at bar, the appellant had knowledge of the aggravated sexual assault charge pending against him when he withdrew from the plea bargain agreement. The presumption of prosecutorial vindictiveness is not warranted in this case because there is not a "realistic likelihood" that those charges were brought due to improper motives of the prosecutor.

■ The appellant further contends that even if a presumption of vindictiveness is unwarranted, the prosecutor has shown actual vindictiveness toward the appellant. In support of his contention, appellant refers the court to a series of confrontations between his wife and an assistant prosecutor. Hostility of a prosecutor towards a defendant is not, in and of itself, the constitutional equivalent of prosecutorial vindictiveness. The adversarial nature of every prosecution involves hostility to a greater or lesser degree. The essence of prosecutorial vindictiveness is retaliation by a prosecutor against a defendant for the defendant's exercise of a constitutional or statutory right, and the chilling effect that such retaliation has on the free exercise of those rights. From the record before us we must conclude that the appellant's reindictment for aggravated sexual assault was not the result of prosecutorial vindictiveness. No retaliatory motives were present

since the charge of aggravated sexual assault existed prior to the appellant's exercise of his right to request a new trial. Because prosecutorial vindictiveness did not cause or contribute to the appellant's reindictment, his first point of error is overruled.

### IMPROPER JURY ARGUMENT

By his second point of error, the appellant contends that the trial court erred in overruling his objection to the prosecutor's jury argument during the punishment phase of the trial, stating that the argument raised facts outside the record, constituted an improper plea for law enforcement, and injected new facts into the record.

The record reveals the following argument by the prosecutor, objection by defense counsel, and ruling by the court:

[The prosecutor]: I submit to you, ladies and gentlemen, that a man that will do what he did to [the complainant], given the opportunity, will do it again.

And I'm saying—you saw what he did. You heard what he did. A man who would rip a shirt off a woman like he ripped this one, given a chance, would do it over and over and over and over and over again.

[Defense counsel]: Judge, we'd object. Let the record reflect that he is pointing to the four women in the front of the jury, and is implying—well, let me object at the Bench.

(Thereupon, the following proceedings were had at the Bench in the presence of, but presumably out of the hearing of the jury:)

[Defense counsel]: Let the record reflect [the prosecutor] has just pointed to four people in the audience of the trial and said over and over and over again, alternating between the persons, and they were women.

He has left the impression with the jury each of these women has been assaulted by the Defendant.

It's not in evidence, and it's objectionable.

My client's rights, effective assistance of counsel under Article 1, Section 19—it's outside the evidence.

THE COURT: Overruled.

Thereafter, the prosecutor continued with his argument.

■ In reviewing the appellant's argument, it is necessary to note the litany of rules guiding our decision. It is clear that in order to be acceptable, the prosecutor's arguments must fall within one of four general areas of jury argument: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to arguments of opposing counsel; and (4) pleas for law enforcement. *Landry v. State*, 706 S.W.2d 105, 111 (Tex.Crim.App. 1985) *cert. denied*, 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986). A prosecutor's argument that exceeds these permissible bounds will not, however, constitute reversible error unless, in light of the entire record, the argument is extreme or manifestly improper, is violative of a mandatory statute, or injects new facts harmful to the accused in the proceedings. *Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Crim.App. 1984); *Mathews v. State*, 635 S.W.2d 532, 539 (Tex.Crim.App.1982); *Todd v. State*, 598 S.W.2d 286, 297 (Tex.Crim.App.1980). In reviewing a prosecutor's argument to determine if error exists, it is necessary to view the argument from the jury's standpoint. *Brown v. State*, 475 S.W.2d 761, 762 (Tex.Crim.App.1971). Furthermore, allegedly improper arguments must be viewed in the context of the entire argument and the evidence in the case. *Henson v. State*, 683 S.W.2d 702, 704 (Tex.Crim. App.1984).

■ The appellant's point of error is premised on the idea that it was not permissible to allow the prosecutor to point to unidentified persons in the courtroom and argue that the appellant would commit the same crime against them. Using his version of the argument, he contends that such argument was intended to arouse the passion or prejudice of the jury, and that it invites the jury to speculate about facts outside the record. However, with commendable candor, the appellant acknowl-edges that it is a permissible plea for law enforcement to argue that the accused may commit the offense again. *McBride v. State*, 706 S.W.2d 723, 729 (Tex.App.—Corpus Christi 1986, pet. ref'd); *Accord, DeBolt v. State*, 604 S.W.2d 164, 169 (Tex. Crim.App.1980); *Starvaggi v. State*, 593 S.W.2d 323, 328 (Tex.Crim.App.1979).

Viewing the entire argument and the evidence in the case from the jury's standpoint, we conclude that the argument was a permissible plea for law enforcement. In addition, we conclude from the evidence beyond a reasonable doubt that the argument did not contribute to the punishment assessed and, therefore, was not reversible error. Tex.R.App.P. 81(b)(2). Point of error number two is overruled.

Accordingly, the judgment is affirmed.