Opinion issued October 21, 2004 

 

 

 
 











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-01047-CR
____________

IN RE CHARLES LEE GRABLE, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
                Relator, Charles Lee Grable, requests that this Court compel respondent


 to
“require the State of Texas in cause [No.] 764539 to disclose on the record its use of
threats of additional charges against relator and his wife to induce a guilty plea.” 
Relator also filed a motion to proceed as a pauper. The motion is granted. However,
we deny the petition.
               According to his petition, relator received a letter from his counsel, Dick
DeGuerin, in January 1998 that gave him the following options: accept the State’s
agreement and plead no contest to indecency with a child, or persist in his plea of not
guilty. A copy of the letter is attached to the petition as an exhibit. According to the
letter, the State’s agreement was not to charge relator with the offense of family
violence/assault (in which relator’s wife contacted the authorities) and not to charge
relator’s wife with the offense of retaliation. Relator signed the bottom of the letter,
agreeing to accept the State’s proposal and enter a plea. Relator pleaded guilty on
April 3, 1998. A presentence investigation report was prepared, and the trial court
deferred adjudication of guilt, placing relator on community supervision for five
years.



               Relator now alleges that the State did not disclose the entire plea bargain
agreement to the trial court when relator entered his guilty plea. Relator does not
allege that the State failed to keep its part of the agreement. A presentence
investigation report was prepared, and relator received deferred adjudication
community supervision, as he requested. Relator does not allege that the State
prosecuted him or his wife for the family violence or retaliation incidents. Relator
does not allege that he did not receive precisely what he bargained for.
               A fair reading of relator’s petition leads to the conclusion that relator is
under the mistaken impression that the State’s plea offer constituted prosecutorial
misconduct. There was nothing improper about the State’s plea offer as it was
described in relator’s petition. In Watson v. State, 760 S.W.2d 756, 758 (Tex.
App.—Amarillo 1988, pet. ref’d), the Seventh Court of Appeals explained the rule
well:
In Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54
L.Ed.2d 604 (1978), the Supreme Court held that the Due
Process Clause of the Fourteenth Amendment did not
prohibit a prosecutor from carrying out a threat, made
during plea negotiations, that additional charges arising out
of the same criminal episode would be brought against the
defendant if he refused to plead guilty to the offense with
which he was originally charged. The court held that the
element of prosecutorial vindictiveness was not present
where the defendant was free to accept or reject the
prosecutor's offer. The Court went on to say:
 
For just as a prosecutor may forego legitimate
charges already brought in an effort to save
the time and expense of trial, a prosecutor
may file additional charges if an initial
expectation that a defendant would plead
guilty to lesser charges proves unfounded.
457 U.S. at 381, 102 S.Ct. at 2492-2493.
               In Shankle v. State, 119 S.W.3d 808, 809 (Tex. Crim. App. 2003), the Court
of Criminal Appeals held that the State’s agreement to bar prosecution of another
felony charge constituted a plea bargain within the meaning of Rule 25.2(a)(2) of the
Rules of Appellate Procedure. See Tex. R. App. P. 25.2(a)(2).
               Relator alleges in his petition that respondent has a mandatory duty to enter
all material details of a plea agreement into the official court records. He relies on
Article 26.13(a)(2) of the Code of Criminal Procedure that requires a trial court to
“inquire as to the existence of any plea bargaining agreements.” Tex. Code Crim.
Proc. Ann. art. 26.13(a)(2) (Vernon 1989 & Supp. 2004-2005) (emphasis added). 
Relator does not allege that respondent failed to inquire. Relator cites no authority
that mandates a trial court to enter all material details of a plea agreement into the
official court records.
               Because the State’s plea offer was not improper and because relator has
cited to no authority that imposes a ministerial duty on respondent to enter the details
of the plea bargain agreement in the official district court records, the petition for writ
of mandamus is denied.
               It is so ORDERED.
PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).