NO. 07-10-0362-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D 

 

MAY 24, 2011

_____________________________

 

DAVID
GRAGERT,  

 

                                                                                         Appellant


v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2009-425,869; HONORABLE JIM BOB DARNELL, PRESIDING

_____________________________

 

Memorandum Opinion

_____________________________

 

Before QUINN, C.J., and
CAMPBELL and PIRTLE, JJ.

            David Gragert was convicted of
indecency by contact with his four-year-old niece.  The evidence established that he touched the
child’s genitalia while locked in the bathroom with her. He seeks reversal by
contending the trial court erred 1) in admitting evidence of an extraneous bad act
during the guilt/innocence phase of the trial, and 2) in overruling his
objection to several instances of allegedly improper prosecutorial
argument.  We affirm the judgment. 

            

Prior Notice of Bad Act

            Appellant sought to prevent the
admission of evidence illustrating that he previously had bathed with the
complainant, his four-year-old niece. 
The evidence was purportedly inadmissible because he was not afforded
notice of the State’s intent to offer the bad act.[1]  Yet, appellant already knew of the act (given
his involvement in it) and of the fact that the State did as well.  Indeed, he broached it in his oral confession
to the police.  Furthermore, we are not
told that appellant would have altered his defense, adopted different trial
strategies, or presented other evidence had he been given prior notice of the
State’s intent to use the incident against him. 


            Instead, appellant argues that
detrimental surprise arose from the manner in which the prosecutor attempted to
convince the court that the incident did not depict a bad act.  Even if we were to assume that the prosecutor
tried to somehow dupe the trial court into believing that the incident did not
evince a bad act, that would not affect the type of harm sought to be avoided
by the rule requiring prior notice.  As
explained in Hernandez v. State, 176 S.W.3d 821 (Tex. Crim. App. 2005), the harm related to
surprise which effectively denied the accused opportunity to prepare a means to
address the evidence or ameliorate its impact. 
Id. at 825-26.  Simply arguing that the trial court somehow
was mislead into believing prior disclosure was unnecessary because the
evidence was not of a bad act implicates neither of those concerns.  So, given the circumstances before us and the
absence of any indicia of surprise, we, like the court in Hernandez, have no basis to conclude that the
State’s failure to afford appellant prior notice was harmful and, therefore,
overrule the issue.      

            Admissibility Under Rules
402, 403 and 404

            Appellant next contends that
evidence of the bathing incident was inadmissible due to its irrelevance,
prejudicial nature, and depiction of a prior bad act.  Tex. R.
Evid. 402 (stating that irrelevant evidence is
inadmissible); Tex. R. Evid. 403 (stating that relevant evidence may be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice); Tex. R. Evid. 404(b) (stating that evidence of other crimes,
wrongs, or acts is inadmissible to prove the character of a person in order to
show action in conformity with that character). 
We overrule the contention for the following reasons.

            First, article 38.27 of the Code of
Criminal Procedure, which applies to the prosecution of an offense against a
child under seventeen years of age, provides that, notwithstanding Rule of
Evidence 404, evidence of other wrongs or acts committed against the child
shall be admitted for its bearing on matters such as the state of mind of the
defendant and the child and the previous and subsequent relationship between
the two.  Tex.
Crim. Proc. Code Ann. art.
38.37 §§1 & 2
(Vernon Supp. 2010).  No one denies that
the evidence in question involved an incident between a 25-year-old man and a
four-year-old child.  Nor does anyone
deny that the same four-year-old child was the victim in the crime for which
appellant was being prosecuted.  And, one
would be hard-pressed to deny that the bathing incident (and its admitted
sexual connotation) evinces the nature of appellant’s relationship with and mindset
towards his niece.  Thus, we cannot say
that the trial court abused its discretion in admitting it, given article 38.37.  See Walters v. State, 247 S.W.3d
204, 217 (Tex. Crim. App. 2007) (stating that a trial court abuses its discretion when its decision
falls outside the zone of reasonable disagreement); see
also Brown
v. State, 6 S.W.3d 571,
577-79 (Tex. App.–Tyler 1999, pet. ref’d) (holding that the trial court did not
abuse its discretion by admitting evidence that the defendant had previously asked
the victim of the sexual assault for a kiss and touched her buttocks as
probative of the state of mind of the defendant and the victim).           As for the evidence having insufficient
probative value when compared to its alleged prejudicial effect, we again refer
to the sections of article 38.37 mentioned above.  The legislature deemed evidence of that ilk
as relevant.  So, we cannot consider it
irrelevant.  Additionally, a limiting
instruction was provided in the court’s charge to lessen the risk of impermissible
impact.  Finally, it is difficult to say
that informing the jury of the event had any more impact than the circumstances
underlying the indecency for which he was prosecuted.  At the very least, one could reasonably
debate whether the alleged prejudicial nature of disclosing the bathing
incident substantially outweighed the probative value inherent in the
evidence.  And, because of that, we
cannot say that the trial court abused its discretion in rejecting the Rule 403
challenge.     

            Jury Argument

            Through his remaining issues,
appellant challenges three different arguments made to the jury during the
punishment phase.  At trial, he objected
to each as being outside of the record. 
We overrule the issues for several reasons.

            First, the grounds urged before us
as supporting his claim of error differ from those mentioned below.  Here, appellant argues that the State was
engaging in “fear mongering.”  Without
appellant explaining to the trial court how interjecting matter outside the
scope of the evidentiary record equated with “fear mongering,” we find it
difficult to say that the trial court should have interpreted the actual
objection as including “fear mongering.” 
This, in turn, means that appellant did not preserve his “fear
mongering” contention for review.  See
Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002) (stating that the grounds asserted at trial must comport with those on
appeal, otherwise the contention is waived).

            Second, there are four permissable
areas of jury argument.  They include 1)
summarizing the evidence, 2) making reasonable deductions from the evidence, 3)
answering argument of opposing counsel, and 4) pleading for law
enforcement.  Cannady
v. State, 11 S.W.3d 205,
213 (Tex. Crim. App. 2000).  The
arguments in question can be interpreted as falling within at least one of
those permissible areas, as we now illustrate. 

            Through the first utterance, the
State said:

            . . .
The defendant is 25 years old.  In two
years he will be 27.  In five years he      will be 30, in 20 he will be 35. [sic] 20
years he will be 45. 

 

            Look
at this from this perspective.  In two
years [the victim] will be eight.  In
five, she will be 11.  [I]n 10 she will
be 16, learning how to drive.  In 20
years, in 20 years she will be 26 years old. 
At what point do you think she will be able to defend herself from this
man? 

 

Rhetorical
questions, such as this, are generally within the scope of jury argument if
based on reasonable deductions from the evidence.  Wolfe v. State, 917 S.W.2d 270, 280 (Tex. Crim. App.
1996).  And, the State is afforded a wide
degree of latitute in drawing reasonable deductions from the evidence so long
as the inferences are reasonable, fair, legitimate, and offered in good faith.  Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App.
1988); Strahan
v. State, 306 S.W.3d
342, 350 (Tex. App.–Fort Worth 2010, pet. ref’d).  The aforementioned utterance can be deemed a
reasonable inference or deduction given the evidence of the age of both
appellant and his victim.  Thus, the analysis
of their respective ages at different times in the future was a reasonable
inference from the record.  Because
appellant was the victim’s uncle, one could also reasonably deduce that he
might someday be in attendance at family functions.  Indeed, the child’s mother testified that,
after the incident at bar, the child’s grandmother took the child to see a
movie, and appellant went with them.  To
that, we had appellant’s own admission that he had “urges” that he had to
control.  So, the prospect of the child
again being at risk while in the presence of appellant was not improper
argument outside the record’s scope.    

            The next two utterances consisted of
the following:

            You
are looking now at a range of two to 20. 
There is abolutely nothing that says you have to start at two and build
your way up.  And every time you            start at that 20 and every time you
think about coming off of it, when you say - - your mind goes to David and you
wonder where he is going to be, think about this.  Do you want to see a headline with a picture
of Mr. Gragert right next to the words “Defender commits assault again”?

 

*           *           * 


 

                        You can punish somebody
for what they did yesterday, what they did

            today, and what they might do
tomorrow.  

 

                        Do you ever want to pick
up the A-J and see that this man had done it

            again?

The
remarks suggest that appellant may repeat his crimes.  And, there was evidence presented indicating
that he had been unsuccessful in controlling his “urges.”  Given this, we find that the argument
constituted a lawful plea for law enforcement. 
Indeed, we previously held argument suggesting that the accused may
offend again to be  allowable.  Watson v. State, 760 S.W.2d 756, 759-60 (Tex. App.–Amarillo
1998, pet. ref’d); accord McBride v. State, 706 S.W.2d 723, 729 (Tex. App.–Corpus
Christi 1988, pet. ref’d) (holding argument that if the jury made a mistake,
“they might bury somebody else” was a proper plea for law enforcement).   

            Having overruled all issues, we
affirm the judgment.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

Do
not publish.

             

       











[1]There
was much debate about whether a 25-year-old man bathing naked with a
four-year-old girl constituted a bad act. 
Whether it inherently is or is not matters little.  This is so because the prosecution certainly
used it to portray appellant in a bad light. 
Given that, we will assume arguendo that the event was evidence of a
prior bad act. 








ase of the trial that the distance between 402 South El Paso Street and the rear door
of the Tulia Community Nursery Association Head Start was 277 feet. She also testified
that the location was a school and that the school had possession of that property. A
school is statutorily defined as a private or public elementary or secondary school or day-care center. Id. (a)(3)(5).

 Once again, appellant argues that the measurements are only guesses because
there is no evidence as to where the actual sale of the narcotics took place. Also, she
posits, the State failed to prove that the school was actually in existence at the time the
sale took place, the evidence did not show that it is the type of school defined by the
Health and Safety Code and, finally, because the witness only knew the school had
possession of the premises and she did not know if the school owned or leased the
property, the evidence was deficient in that regard.

 We have already discussed the effect of an alleged failure to prove the school was
in existence at the time of the offense in our discussion of a similar argument with regard
to the park, and our disposition of that challenge is applicable here. State's Exhibit 10 is
a photograph from the driveway of 402 South El Paso Street looking towards the school. 
Because the evidence shows the distance as 277 feet, with apparently only one house
between the location from which the photograph was taken and the school, the jury could
reasonably have concluded the offense occurred within 1,000 feet from the school. 
Moreover, as we previously stated, the name alone may be sufficient to raise a
presumption that it is a private or public elementary or secondary school. Young, 14
S.W.3d at 754. Although the name of the school does not specifically state that it is an
elementary or secondary school, the use of the word "nursery" in the name carries a
reasonable connotation that it is not an institution of higher learning. Furthermore, the
witness referred to the institution as a school. Additionally, the witness stated that the
school was in possession of the premises. The evidence is sufficient to sustain this
enhancement finding.

Trial Court Cause Number B3337-99-07-CR

 In this case, appellant was charged with the delivery of marijuana on July 9, 1998,
within 1,000 feet of the Conner Park playground. That offense is also a state jail felony, 
enhanced to a third degree felony if it occurred within 1,000 feet of a playground. Tex.
Health & Safety Code Ann. § 481.134(b)(1) (Vernon Supp. 2002). Coleman testified in the
first phase of the trial that appellant pulled alongside of him at the Allsup's store and sold
him some marijuana. During the punishment hearing, Rogers testified that she went to the
Allsup's store at 517 Southwest 2nd and measured the distance to Connor Street Park,
which was 234 feet.

 Although appellant addresses most of the same complaints to this charge that we
have discussed and disposed of in prior paragraphs, she also contends in connection with
this conviction that Coleman never actually testified as to the location of the Allsup's store
where the offense took place. As we have noted, Coleman's testimony was that he pulled
into "the" Allsup's store. Appellant did not cross-examine Rogers as to whether there was
more than one Allsup's store in Tulia and presented nothing indicating there was more
than one such store. Considering the relevant evidence, it is sufficient to justify the jury
in reasonably concluding that there was only one such store and it was where the drug
transaction took place. Thus, the evidence is sufficient to support this enhancement.

Trial Court Cause Number B3330-99-07-CR

 In this cause, appellant was charged with selling a controlled substance on July 21,
1998, within 1,000 feet of real property owned by, rented, or leased to the Tulia Community
Nursery Association Head Start. The charged offense is a state jail felony that could be
enhanced to a third degree felony upon a showing that the offense occurred within 1,000
feet of a school. Tex. Health & Safety Code Ann. § 481.134(d)(1) (Vernon Supp. 2002). 
Coleman testified he purchased rock cocaine from appellant on that date after he saw her
on South El Paso Street. Rogers stated that she measured from the intersection of 5th and
El Paso Street to the front door of the school, a distance of 184 feet. However, there was
no testimony as to any specific address where Coleman met with appellant, and the State,
with commendable candor, concedes that the evidence is insufficient to support the
enhancement finding for this sentence. Therefore, appellant's fifth issue is sustained as
far as the enhancement finding in this cause.

 In summary, we overrule appellant's first, second, third, and fourth issues. 
Appellant's fifth issue is also overruled with the exception of that portion of the issue
challenging the enhancement of the punishment in trial court cause No. B3330-99-07-CR. 
That portion of the issue is sustained and the punishment provision in trial court cause no.
B3330-99-07-CR is reversed and remanded for a new trial on punishment alone. With that
exception, the judgment of the trial court in each case is affirmed.


 

 John T. Boyd

 Chief Justice


Do not publish.


1. There is some authority that a formal bill of exception is the only means by which
error may be preserved. See Southwest Country Enterprises, Inc. v. Lucky Lady Oil Co.,
991 S.W.2d 490, 494-95 (Tex.App.--Fort Worth 1999, pet. denied). If that is true,
appellant failed to make such a formal bill of exception by complying with the requirements
of Rule 33.2. Nevertheless, we will assume for the sake of argument that an informal bill
of exception or offer of proof is still permissible under the current Rules of Appellate
Procedure. See also Spivey v. James, 1 S.W.3d 380, 385 (Tex.App.--Texarkana 1999,
pet. ref'd).
2. The Whitehead case involved waiver of a motion to transfer venue which has been
held to be a motion that is not subject to article 28.01. See Faulder v. State, 745 S.W.2d
327, 328 (Tex.Crim.App. 1987), cert. denied, 519 U.S. 995, 117 S.Ct. 487, 136 L.Ed.2d
380 (1996).