NO. 07-10-0362-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 24, 2011

_____

DAVID GRAGERT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-425,869; HONORABLE JIM BOB DARNELL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

David Gragert was convicted of indecency by contact with his four-year-old niece. The evidence established that he touched the child's genitalia while locked in the bathroom with her. He seeks reversal by contending the trial court erred 1) in admitting evidence of an extraneous bad act during the guilt/innocence phase of the trial, and 2) in overruling his objection to several instances of allegedly improper prosecutorial argument. We affirm the judgment.

*Prior Notice of Bad Act*

Appellant sought to prevent the admission of evidence illustrating that he previously had bathed with the complainant, his four-year-old niece. The evidence was purportedly inadmissible because he was not afforded notice of the State's intent to offer the bad act.[1] Yet, appellant already knew of the act (given his involvement in it) and of the fact that the State did as well. Indeed, he broached it in his oral confession to the police. Furthermore, we are not told that appellant would have altered his defense, adopted different trial strategies, or presented other evidence had he been given prior notice of the State's intent to use the incident against him.

Instead, appellant argues that detrimental surprise arose from the manner in which the prosecutor attempted to convince the court that the incident did not depict a bad act. Even if we were to assume that the prosecutor tried to somehow dupe the trial court into believing that the incident did not evince a bad act, that would not affect the type of harm sought to be avoided by the rule requiring prior notice. As explained in *Hernandez v. State,* 176 S.W.3d 821 (Tex. Crim. App. 2005), the harm related to surprise which effectively denied the accused opportunity to prepare a means to address the evidence or ameliorate its impact. *Id.* at 825-26. Simply arguing that the trial court somehow was mislead into believing prior disclosure was unnecessary because the evidence was not of a bad act implicates neither of those concerns. So, given the circumstances before us and the absence of any indicia of surprise, we, like

---

[1]There was much debate about whether a 25-year-old man bathing naked with a four-year-old girl constituted a bad act. Whether it inherently is or is not matters little. This is so because the prosecution certainly used it to portray appellant in a bad light. Given that, we will assume *arguendo* that the event was evidence of a prior bad act.

2

the court in *Hernandez*, have no basis to conclude that the State's failure to afford appellant prior notice was harmful and, therefore, overrule the issue.

*Admissibility Under Rules 402, 403 and 404*

Appellant next contends that evidence of the bathing incident was inadmissible due to its irrelevance, prejudicial nature, and depiction of a prior bad act. TEX. R. EVID. 402 (stating that irrelevant evidence is inadmissible); TEX. R. EVID. 403 (stating that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice); TEX. R. EVID. 404(b) (stating that evidence of other crimes, wrongs, or acts is inadmissible to prove the character of a person in order to show action in conformity with that character). We overrule the contention for the following reasons.

First, article 38.27 of the Code of Criminal Procedure, which applies to the prosecution of an offense against a child under seventeen years of age, provides that, notwithstanding Rule of Evidence 404, evidence of other wrongs or acts committed against the child shall be admitted for its bearing on matters such as the state of mind of the defendant and the child and the previous and subsequent relationship between the two. TEX. CRIM. PROC. CODE ANN. art. 38.37 §§1 & 2 (Vernon Supp. 2010). No one denies that the evidence in question involved an incident between a 25-year-old man and a four-year-old child. Nor does anyone deny that the same four-year-old child was the victim in the crime for which appellant was being prosecuted. And, one would be hard-pressed to deny that the bathing incident (and its admitted sexual connotation) evinces the nature of appellant's relationship with and mindset towards his niece. Thus, we cannot say that the trial court abused its discretion in admitting it, given article 38.37.

3

*See Walters v. State,* 247 S.W.3d 204, 217 (Tex. Crim. App. 2007) (stating that a trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement); *see also Brown v. State,* 6 S.W.3d 571, 577-79 (Tex. App.–Tyler 1999, pet. ref'd) (holding that the trial court did not abuse its discretion by admitting evidence that the defendant had previously asked the victim of the sexual assault for a kiss and touched her buttocks as probative of the state of mind of the defendant and the victim).

As for the evidence having insufficient probative value when compared to its alleged prejudicial effect, we again refer to the sections of article 38.37 mentioned above. The legislature deemed evidence of that ilk as relevant. So, we cannot consider it irrelevant. Additionally, a limiting instruction was provided in the court's charge to lessen the risk of impermissible impact. Finally, it is difficult to say that informing the jury of the event had any more impact than the circumstances underlying the indecency for which he was prosecuted. At the very least, one could reasonably debate whether the alleged prejudicial nature of disclosing the bathing incident *substantially* outweighed the probative value inherent in the evidence. And, because of that, we cannot say that the trial court abused its discretion in rejecting the Rule 403 challenge.

*Jury Argument*

Through his remaining issues, appellant challenges three different arguments made to the jury during the punishment phase. At trial, he objected to each as being outside of the record. We overrule the issues for several reasons.

First, the grounds urged before us as supporting his claim of error differ from those mentioned below. Here, appellant argues that the State was engaging in "fear mongering." Without appellant explaining to the trial court how interjecting matter

outside the scope of the evidentiary record equated with "fear mongering," we find it difficult to say that the trial court should have interpreted the actual objection as including "fear mongering." This, in turn, means that appellant did not preserve his "fear mongering" contention for review. *See Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (stating that the grounds asserted at trial must comport with those on appeal, otherwise the contention is waived).

Second, there are four permissable areas of jury argument. They include 1) summarizing the evidence, 2) making reasonable deductions from the evidence, 3) answering argument of opposing counsel, and 4) pleading for law enforcement. *Cannady v. State,* 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). The arguments in question can be interpreted as falling within at least one of those permissible areas, as we now illustrate.

Through the first utterance, the State said:

> . . . The defendant is 25 years old. In two years he will be 27. In five years he will be 30, in 20 he will be 35. [sic] 20 years he will be 45.

> Look at this from this perspective. In two years [the victim] will be eight. In five, she will be 11. [I]n 10 she will be 16, learning how to drive. In 20 years, in 20 years she will be 26 years old. At what point do you think she will be able to defend herself from this man?

Rhetorical questions, such as this, are generally within the scope of jury argument if based on reasonable deductions from the evidence. *Wolfe v. State,* 917 S.W.2d 270, 280 (Tex. Crim. App. 1996). And, the State is afforded a wide degree of latitute in drawing reasonable deductions from the evidence so long as the inferences are reasonable, fair, legitimate, and offered in good faith. *Gaddis v. State,* 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Strahan v. State,* 306 S.W.3d 342, 350 (Tex. App.–Fort

5

Worth 2010, pet. ref'd). The aforementioned utterance can be deemed a reasonable inference or deduction given the evidence of the age of both appellant and his victim. Thus, the analysis of their respective ages at different times in the future was a reasonable inference from the record. Because appellant was the victim's uncle, one could also reasonably deduce that he might someday be in attendance at family functions. Indeed, the child's mother testified that, after the incident at bar, the child's grandmother took the child to see a movie, and appellant went with them. To that, we had appellant's own admission that he had "urges" that he had to control. So, the prospect of the child again being at risk while in the presence of appellant was not improper argument outside the record's scope.

The next two utterances consisted of the following:

> You are looking now at a range of two to 20. There is abolutely nothing that says you have to start at two and build your way up. And every time you       start at that 20 and every time you think about coming off of it, when you say - - your mind goes to David and you wonder where he is going to be, think about this. Do you want to see a headline with a picture of Mr. Gragert right next to the words "Defender commits assault again"?

*       *       *

> You can punish somebody for what they did yesterday, what they did today, and what they might do tomorrow.

> Do you ever want to pick up the A-J and see that this man had done it again?

The remarks suggest that appellant may repeat his crimes. And, there was evidence presented indicating that he had been unsuccessful in controlling his "urges." Given this, we find that the argument constituted a lawful plea for law enforcement. Indeed, we previously held argument suggesting that the accused may offend again to be

allowable.  *Watson v. State,* 760 S.W.2d 756, 759-60 (Tex. App.–Amarillo 1998, pet. ref'd); *accord McBride v. State,* 706 S.W.2d 723, 729 (Tex. App.–Corpus Christi 1988, pet. ref'd) (holding argument that if the jury made a mistake, "they might bury somebody else" was a proper plea for law enforcement).

Having overruled all issues, we affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.