

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00195-CR
No. 07-24-00196-CR

PHILLIP WAYNE CRAWFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court Nos. 32467-B & 33745-B, Honorable Titiana Frausto, Presiding

March 12, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Phillip Wayne Crawford, filed a motion to remand the above styled causes for the purposes of correcting alleged inaccuracies in the reporter's record and to hear his claim about being denied the effective assistance of counsel on appeal. We grant the motion in part, to the extent discussed below.

Regarding the matter of ineffective assistance, appellant believes his appointed counsel was deficient for failing to both 1) include a particular issue within his appellant's

brief and 2) seek remand of the appeals to the trial court for purposes of supplementing or amending the reporter's record to support the omitted issue. The issue in question pertains to whether the State vindictively prosecuted him. According to appellant, it did so when threatening to add to the charges against him if he rejected a plea bargain. A tape recording purportedly exists memorializing that threat, which tape appellant seeks to add to the record via remand.[1]

As observed by our Court of Criminal Appeals: "[a]n attorney 'need not advance every argument [on appeal], regardless of merit, urged by the appellant.'" *Ex parte Flores*, 387 S.W.3d 626, 639 (Tex. Crim. App. 2012). However, "'if appellate counsel fails to raise a claim that has indisputable merit under well-settled law and would necessarily result in reversible error, appellate counsel is ineffective for failing to raise it.'" *Id.* Assuming, without deciding, this permits an appellate court to remand an appeal post-briefing but pre-disposition to determine if appointed appellate counsel denied his client the effective assistance of counsel, it would be appropriate for the reviewing court to initially assess if appellant's complaint has basis in law. Indeed, there would be little reason to delay the efficient disposition of an appeal by remand if the accusation levied against appointed counsel lacked legal merit.

A prosecutor's alleged threat (revealed to an accused) to increase charges should a plea bargain be rejected does not constitute prosecutorial vindictiveness. *Platter v. State*, 600 S.W.2d 803, 805-806 (Tex. Crim. App. 1980); *Watson v. State*, 760 S.W.2d 756, 758-59 (Tex. App.—Amarillo 1988, pet. ref'd); *accord Sparks v. State*, No. 06-20-00014-CR, 2020 Tex. App. LEXIS 5057, at *11 (Tex. App.—Texarkana July 9, 2020, no

---

[1] The existence of same was mentioned at trial but not admitted into evidence.

pet.) (mem. op., not designated for publication) (stating that "the addition of an enhancement following rejection of a plea offer does not prove prosecutorial vindictiveness"). From this we conclude that appellant has failed to preliminarily show a viable basis for both his claim of ineffective assistance and need to remand the matter for development. Simply put, the claim of vindictiveness lacks basis in law, and remand relating to that matter is denied.

As for the alleged inaccuracies in the reporter's record, they concern an exchange between appellant and the trial court about the aforementioned tape recording. Recognizing the need for an accurate reporter's record, we grant the motion to abate and remand *for the sole purpose* of determining if inaccuracies exist in that particular record relating to the tape or other matter. Rule of Appellate Procedure 34.6(e)(3) authorizes this court to submit a dispute about the accuracy of the reporter's record to the trial court for resolution. *See* TEX. R. APP. P. 34.6(e)(3). If the court finds that the reporter's record is inaccurate, the court shall sign a written order reflecting its finding and ordering the court reporter to 1) prepare a corrected record which conforms to what occurred in the trial court and 2) file it with the clerk of this court within 15 days of the order. *See* TEX. R. APP. P. 34.6(e)(2). If the court finds that the record is accurate, then the court shall sign a written order memorializing that finding. The parties and trial court are prohibited from supplementing the reporter's record of the trial with evidence or testimony neither admitted at trial nor tendered via an offer of proof at trial.

Finally, the trial court is ordered to convene a hearing on the matter of an inaccurate reporter's record after providing the parties reasonable notice of same, cause said hearing to be transcribed, and cause the transcription to be filed with the clerk of this

court on or before April 14, 2025.  Should additional time be needed to complete those tasks, same must be requested before April 14, 2025.  The trial court is also directed to cause to be filed all written orders relating to or arising from the hearing with the clerk of this court on or before April 14, 2025, unless this court extends the deadline.

It is so ordered.

Per Curiam

Do not publish.