

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00195-CR
No. 07-24-00196-CR

**PHILLIP WAYNE CRAWFORD, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 181st District Court
Randall County, Texas
Trial Court Nos. 32467-B & 33745-B, Honorable Titiana Frausto, Presiding

May 1, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Phillip Wayne Crawford appeals his convictions for one count of assault on a public servant, enhanced, and two counts of assault on a peace officer, enhanced, and the resulting sentences. By his first issue, he contends the trial court erred when it denied his motion to quash based on prosecutorial vindictiveness. By his second, he argues the evidence was insufficient to support his conviction. We affirm as modified herein.

*Background*

In September 2022, police were dispatched to an Amarillo home to respond to a domestic disturbance call during which there was a physical altercation between appellant and law enforcement officers. At one point, appellant attempted to regain entry to the residence. When an officer attempted to keep him from doing so, he turned toward her and struck her on the chest, causing her to fall backwards against the brick wall. Appellant gained entry and as he did so, shoved an officer and the officer tripped. Three officers and appellant fell to the ground. One officer fell face down and felt appellant's arms going across the front of his neck. He managed to get free but then appellant shoved him into the wall. The officer could not get to his utility belt, so he punched appellant to try to get free. Appellant shoved the officer and the officer fell again. All three officers attempted to tase appellant. It was not until the last officer deployed the taser that appellant physically acquiesced. He continued to be verbally assaultive. All three officers felt pain following the altercation.

In October 2022, appellant was charged by indictment with third-degree assault on a public servant, enhanced. About a year and a half later, appellant filed a motion for speedy trial. A few days before trial in May 2024, appellant was charged with two additional counts, those being second-degree assault on a peace officer stemming from the September 2022 altercation.

All three cases were called for trial the same morning and appellant moved to consolidate the matters. He also waived his right to a jury and proceeded with a bench trial on all three causes. After that, appellant asked the court to quash the charging

instrument for the two new charges based on prosecutorial vindictiveness. The court held a hearing, after which it denied the motion.

*Analysis*

**Issue One—Prosecutorial Vindictiveness**

By his first issue, appellant contends the trial court erred by denying his motion to quash based on prosecutorial vindictiveness. Again, the purported vindictiveness came with the prosecutor allegedly opting to levy other charges against appellant when the latter rejected a plea bargain. We overrule the issue.

The State initially argues that appellant's motion to quash was untimely and, therefore, failed to preserve the claim of vindictiveness. It was allegedly belated since the motion was not filed until after he announced his plea to each charge. *See* TEX. CODE CRIM. PROC. ANN. art. 45.019 **(f)** (stating that "[i]f the defendant does not object to a defect, error, or irregularity of form or substance in a charging instrument before the date on which the trial on the merits commences, the defendant waives and forfeits the right to object to the defect, error, or irregularity"). Yet, nothing in that article specifies that a motion to quash due to prosecutorial vindictiveness falls within its scope; nor does the State cite us authority so holding.

Nevertheless, sister courts have indicated that one need only comply with Texas Rule of Appellate Procedure 33.1 to preserve claims of vindictiveness. *See Sanchez v. State*, No. 14-18-00920-CR, 2020 Tex. App. LEXIS 9828, at *2-3 (Tex. App.—Houston [14th Dist.] Dec. 2020, pet. ref'd) (mem. op., not designated for publication) (stating that a "defendant must preserve error regarding prosecutorial vindictiveness" and to "preserve a complaint for appellate review, a party must lodge a timely, specific objection, and the

3

trial court must rule on the objection. TEX. R. APP. P. 33.1(a)"); *Rhymes v. State*, 536 S.W.3d 85, 99 (Tex. App.—Texarkana 2017, pet. ref'd) (stating that "[w]e have reviewed the record, including Rhymes' motion to quash, the transcript of the hearing on the same, the trial transcript, Rhymes' motion for new trial, and the transcript of the hearing on the same. No allegation of judicial vindictiveness was raised in the trial court. As we have previously held, an issue of judicial vindictiveness is not preserved for appellate review when the appellant does not meet the requirements of Rule 33.1."); *see also Phifer v. State*, No. 05-18-01232-CR, 2020 Tex. App. LEXIS 2058, at *34-35 (Tex. App.—Dallas Mar. 10, 2020, pet. ref'd) (mem. op., not designated for publication) (stating that "[a]s a prerequisite to presenting a complaint for appellate review, the record must show a timely, specific objection and a ruling by the trial court. TEX. R. APP. P. 33.1(a) . . . Appellant never filed a motion to dismiss or quash the indictment based on a claim of prosecutorial vindictiveness. He never argued that his due-process rights had been violated by the re-indictment. Because appellant failed to present his prosecutorial vindictiveness claim in the trial court, he failed to preserve this issue for appellate review"). Irrespective of whether the appellant's motion to quash was timely under article 45.019 of the Code of Criminal Procedure, the record clearly illustrates that he brought his claim to the trial court's attention at the inception of the trial. Indeed, the trial court instructed appellant to prepare a written motion to quash and allowed time for the State to respond. It told the parties it would consider the motion the next day. So, it cannot be said the complaint was untimely.

4

Next, and assuming *arguendo* that the prosecutor did as appellant alleged, it matters not.[1] A prosecutor's alleged threat to increase charges should a plea bargain be rejected and a party demand trial does not constitute prosecutorial vindictiveness. *Platter v. State*, 600 S.W.2d 803, 805-806 (Tex. Crim. App. 1980); *Watson v. State*, 760 S.W.2d 756, 758-59 (Tex. App.—Amarillo 1988, pet. ref'd); *accord Sparks v. State*, No. 06-20-00014-CR, 2020 Tex. App. LEXIS 5057, at *11 (Tex. App.—Texarkana July 9, 2020, no pet.) (mem. op., not designated for publication) (stating that "the addition of an enhancement following rejection of a plea offer does not prove prosecutorial vindictiveness"). It is quite reasonable to conclude that plea bargaining entails adding or subtracting charges. After all, it is called "plea bargaining," and the purpose is to effectuate an efficient outcome to the prosecution by avoiding delay. As we said in *Watson*, "just as a prosecutor may forego legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded." *Watson*, 760 S.W.2d at 758.

### *Issue Two—Sufficiency of the Evidence*

Through his second issue, appellant argues the evidence is insufficient to support his conviction because the officers were not lawfully discharging their duties at the time. They purportedly admitted they lacked basis to arrest or detain him. Alternatively, he

---

[1] Counsel sought to introduce into evidence audio of a conversation concerning additional charges but after further discussion, withdrew the request. During the pendency of these appeals, appellant made an assertion that the reporter's record was inaccurate regarding the circumstances at the hearing. We abated the matter to the trial court. It held a hearing during which it was determined that the record was true and accurate.

asserts, the officers crossed the line using force and were no longer discharging their duties lawfully. We overrule the issue.

The standard of review for a sufficiency point is well-established and set forth in *Walker v. State*, 594 S.W.3d 330, 335-36 (Tex. Crim. App. 2020). We apply it here.

A person commits assault of a peace officer if the person "intentionally, knowingly, or recklessly causes bodily injury" to "a person the actor knows is a peace officer . . . while the officer . . . is lawfully discharging an official duty[.]" TEX. PENAL CODE ANN. § 22.01(a)(1), (b-2). Furthermore, an officer acts within the lawful discharge of his official duties "as long as the officer [is] acting within his capacity as a peace officer." *Johnson v. State*, 172 S.W.3d 6, 11 (Tex. App.—Austin 2005, pet. ref'd) (citing *Guerra v. State*, 771 S.W.2d 453, 461 (Tex. Crim. App. 1988); *see also Hall v. State*, 158 S.W.3d 470, 474 (Tex. Crim. App. 2005)). And, when determining whether an officer is so acting, "we look to the details of the encounter, such as whether the police officer was in uniform, on duty, and whether he was on regular patrol at the time of the assault." *Id.* (citing *Hughes v. State*, 897 S.W.2d 285, 298 (Tex. Crim. App. 1994)). Finally, the "lawful discharge" of official duties means that the law enforcement officer is not criminally or tortiously abusing his office as a public servant. *Id.*

There is no dispute here that the officers were in uniform, on duty, and responding to a domestic disturbance call. Furthermore, evidence of record illustrates an ensuing melee wherein appellant struck each officer in some manner and those officers experienced pain due to his physical aggression. That is some evidence upon which a rational factfinder may conclude, beyond reasonable doubt, that appellant committed the elements of each crime with which he was charged.

6

As for the contention that the officers were not lawfully discharging their duties either because they had no basis on which to detain or arrest him or because they utilized too much force during their altercation, we note the following. First, acting without probable cause or reasonable suspicion is irrelevant in determining whether the officer was lawfully discharging his duties. *Hughes v. State*, 897 S.W.2d 285, 298 (Tex. Crim. App. 1994); *Smith v. State*, No. 07-07-0209-CR, 2008 Tex. App. LEXIS 1743, at *2-3 (Tex. App.—Amarillo Mar. 11, 2008, no pet.) (mem. op., not designated for publication); *Tucker v. State*, 114 S.W.3d 718, 723 (Tex. App.—Corpus Christi 2003, pet. ref'd). Moreover, the record also contains sufficient evidence illustrating that the officers had reasonable suspicion to detain appellant. They 1) responded to a domestic disturbance call, 2) arrived to find appellant uncooperative, 3) observed appellant had blood on his hand, and 4) obtained appellant's admission that an argument had occurred.

Second, in considering whether the officers "crossed the line" in handling the situation, one need not ignore the evidence illustrating appellant's own aggression when 1) responding to an officer's attempt to thwart his entry into the house during an investigation of a domestic violence call and 2) fighting with the other officers once gaining entry. In weighing that and other evidence, the trial court, as factfinder, was free to resolve credibility issues and infer the manner and extent of physical effort exerted by appellant against the officers. And, the evidence before it was more than ample to permit the court to reject any claim of self-defense due to some over-exuberance by the officers present. *See, e.g., Johnson v. State*, 172 S.W.3d 6, 11 (Tex. App.—Austin 2005, pet. ref'd) (finding the jury could have rationally concluded that the attempt by officers to physically restrain appellant on the bed was a lawful exercise of a police duty).

7

***Supplemental Issues***

During our review of this case, we noted that a time payment fee had been assessed against appellant in each cause. The $15 fee expressly appears in the bills of costs, which bills the trial court referred to within the judgments. A time payment fee is suspended while an appeal pends. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Additionally, the duty to pay the fee depends on whether fines, costs, and the like go unpaid; the person has until the 31st day after the date on which the judgment is entered to avoid the obligation. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030 (a)(2). Thus, the judgments and bills of costs will be modified to exclude assessment of the fee at this time.

We further note two motions pending before us. One is that of appellant seeking leave to represent himself. The other is that of his counsel to withdraw. The former was filed on April 14, 2025, while the latter on April 22, 2025.

These appeals came at issue and ripe for disposition when the State filed its appellee's brief on March 3, 2025. On April 9, 2025, we notified the parties that the cause would be submitted for disposition on April 30, 2025. Thus, the motions come at a rather belated time. And though appellant voiced his complaint about appointed counsel via a pro se motion to abate and remand filed on February 22, 2025, the foundation of the complaint concerned appellate counsel's purported failure "to raise a motion[] in regards to inaccuracies in the reporter's record"; supposedly, data, information, evidence, or exhibits were omitted from that record. The failure to so move allegedly rendered counsel ineffective and deceitful. We remanded the causes, directing the trial court to determine whether the reporter's record was incomplete or inaccurate, as suggested by appellant.

8

On remand, the trial court convened a hearing to investigate the topic and found the record "true and correct as submitted." In other words, there were no inaccuracies or omissions.

Criminal defendants have no right of self-representation on appeal. *Gonzales v. State*, No. 07-22-00365-CR, 2023 Tex. App. LEXIS 3534, at *2 (Tex. App.—Amarillo May 24, 2023, pet. ref'd) (mem. op., not designated for publication). Rather, the decision to permit same lies within the discretion of the appellate court. *Id.* Furthermore, the opportunity for self-representation "is not a license to capriciously upset the appellate timetable or to thwart the orderly and fair administration of justice." *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995) (en banc); *Barnum v. State*, No. 05-21-00275-CR, 2022 Tex. App. LEXIS 4888, at *4 n.1 (Tex. App.—Dallas July 15, 2022, pet. ref'd) (mem. op., not designated for publication). We considered the latter statement from the Court of Criminal Appeals in relationship to the circumstances before us. Given that appellant deems his counsel deficient for reasons ultimately shown baseless, i.e., failing to raise question about non-existent inaccuracies in the appellate record, and considering the belatedness of the request, granting appellant's motion would thwart the orderly and fair administration of justice. So, it is denied. So too do we deny counsel's motion to withdraw, for like reason.

Having resolved appellant's issues against him, we affirm the judgments as modified.

Brian Quinn
Chief Justice

Do not publish.

9